**U.S. BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

|  |  |
|---|---|
| **CHRISTINA CLINE and JASON CLINE,** Debtors. | In Chapter 7 proceedings<br><br>Case No. 2:13-bk-19488-DPC<br><br>**ORDER SUSTAINING OBJECTION TO EXEMPTIONS** |

Christina and Jason Cline (the "Debtors") claimed the federal exemptions under § 522(d).[1] The chapter 7 Trustee (the "Trustee") objected to these exemptions, arguing that the Debtors must use Missouri exemptions under § 522(b)(3)(A). The Court now sustains the Trustee's objection.

**I.     Background and Procedure**

The Debtors lived in Missouri for ten years before moving to Arizona in the summer of 2013. On November 8, 2013, the Debtors filed bankruptcy in Arizona and claimed the federal exemptions set out in § 522(d).

The Trustee objected to the Debtors' use of the federal exemptions and argued the Debtors were limited to exemptions provided under Missouri law. The Trustee claims the Debtors, who are domiciled in Missouri under § 522(b)(3)(A) for exemption purposes, must use Missouri exemptions because Missouri has ("opted-out") of the federal exemption scheme.

Under § 522(b)(3)(A), debtors may claim exemptions in "any property that is exempt under Federal law . . . or State or local law that is applicable on the date of filing of the petition at the place in which the debtor's domicile has been located for the 730 days immediately preceding the date of the filing of the petition or if the debtor's domicile has not been located at a single State for such 730–day period, the place in

---
[1] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

which the debtor's domicile was located for the 180 days immediately preceding the 730–day period or for a longer portion of such 180–day period than in any other place."

Both parties agree that the Debtors were not domiciled in Arizona for more than 730 days prior to the date they filed bankruptcy and, therefore, cannot claim Arizona exemptions. Missouri's exemption laws instead apply under § 522(b)(3)(A) because the Debtors were domiciled in Missouri for the greater part of the 180-day period preceding the 730-day period.

It is also undisputed that Missouri has opted out of the federal exemption scheme: "Every person by or against whom an order is sought for relief under Title 11, United States Code, shall be permitted to exempt from property of the estate any property that is exempt from attachment and execution under the law of the state of Missouri or under federal law, other than Title 11, United States Code, Section 522(d), and no such person is authorized to claim as exempt the property that is specified under Title 11, United States Code, Section 522(d)." Mo. Rev. Stat. § 513.427.

**II.   Issue**

The question in this case is whether the Debtors, who are deemed to be domiciled in Missouri under § 522(b)(3)(A) for purposes of bankruptcy exemptions but are not currently residing in Missouri, may claim Missouri exemptions in bankruptcy. If Missouri law prohibits non-Missouri resident debtors from claiming Missouri exemptions, the Debtors may then elect the federal exemptions.[2] [3]

**III.   Discussion**

The Debtors argue that only residents of Missouri may claim Missouri exemptions, and because they did not reside in Missouri when they filed bankruptcy, they have no choice but to claim the federal exemptions under § 522(b)(3). The Debtors rely on "over 100 years of consistent case law" to support their position, citing *Stotesbury v.*

---

[2] "If the effect of the domiciliary requirement . . . is to render the debtor ineligible for any exemption, the debtor may elect to exempt property that is specified in [§ 522(d)]." 11 U.S.C. § 522(b)(3).

[3] During oral argument, the Court asked the parties whether it would be more expeditious to certify this question to the Supreme Court of Missouri, supposing there would be an appeal. The Trustee refused to consent to certification because it would be more costly to litigate. The Court, accordingly, will not certify this issue to the Supreme Court of Missouri without unanimous consent of the parties.

*Kirtland*, 35 Mo. App. 148 (Mo. Ct. App. 1889); *Ferneau v. Admour and Company*, 303 S.W.2d 161 (Mo. Ct. App. 1957); *Mignogna v. Chiaffarelli*, 131 S.W. 769, 770 (Mo. Ct. App. 1910).

The Court disagrees with the Debtors' interpretation of Missouri law. The state court cases relied upon by the Debtors interpreting obsolete or outdated irrelevant garnishment statutes which are not considered exemption statutes in bankruptcy.[4] Moreover, there is no language in Missouri's current opt-out statute or exemption statutes indicating that an individual must be a resident of Missouri to claim Missouri exemptions. *See* Mo. Rev. Stat. §§ 513.427, 513.430, 513.440, 513.475. If Missouri's legislature wanted its exemption statutes only to be available to Missouri residents, it could have said so. Other states' opt-out statutes specifically mention that only residents are entitled to their state's exemptions. *See, e.g., In re Rody*, 468 B.R. 384, 388 (Bankr. D. Ariz. 2012) (Arizona's opt-out statute provides "[I]n accordance with 11 U.S.C. § 522(b), <u>residents</u> of this state are not entitled to the federal exemptions provided in 11 U.S.C. 522(d). Nothing in this section affects the exemptions provided to <u>residents</u> of this state by the constitution or statutes of this state.") (emphasis added); *In re Nickerson*, 375 B.R. 869, 871-72 (Bankr. W.D. Mo. 2007) (Kansas personal property statute reads, "[e]very person <u>residing</u> in this state shall have exempt ... the following articles of personal property."); *In re Battle*, 366 B.R. 635, 636 (Bankr. W.D. Tex. 2006) (Florida's opt-out statute provides that "<u>residents</u> of this state shall not be entitled to the federal exemptions...."). Missouri's exemption statutes, however, contain no such references to <u>residents</u> of the state.

The facts of *In re Thompson*, 2009 WL 2461027 (Bankr. W.D. Mo. 2009) closely resemble those of this case and support the Court's conclusion that Missouri exemptions are not restricted to Missouri residents. Similar to this case, the debtor in *Thompson* was

---

[4] "While true, the Missouri Garnishment Statute was used as an exemption statute in times past, in light of the holding in *In re Benn*, this can no longer be the case. All debtors henceforth must make do with the Missouri exemptions where the Missouri Legislature has explicitly identified property that a judgment debtor can keep away from creditors . . . ." *In re Parsons*, 437 B.R. 854, 858 (Bankr. E.D. Mo. 2010) (citing *Benn v. Cole (In re Benn)*, 491 F.3d 811, 813 (8th Cir. 2007)).

3
Case 2:13-bk-19488-DPC    Doc 39    Filed 05/30/14    Entered 05/30/14 09:38:33    Desc
Main Document    Page 3 of 5

domiciled in Missouri but resided out of state at the time the debtor filed bankruptcy.[5] The debtor attempted to claim her Kansas residence as exempt under Kansas law because Kansas had a more favorable homestead exemption than Missouri. The bankruptcy court, however, found that because "the Debtor was not domiciled in Kansas for 730 days prior to the date she filed her bankruptcy petition, and . . . she resided in Missouri for the greater part of the 180-day period preceding the 730-day period . . . the Debtor is limited to the exemptions provided by Missouri law. . .." *Thompson*, 2009 WL 2461027 at *1. Nothing in *Thompson* indicates that the debtor had to be a current resident of Missouri to claim Missouri exemptions or that the federal exemptions were available to the debtor who had moved from Missouri but was still a Missouri domiciliary for purposes of Section 522(b)(3)(A).

The Debtors attempt to distinguish *Thompson* by pointing out that the debtor in that case filed bankruptcy in Missouri. This is irrelevant. The debtor in *Thompson*, like the Debtors in this case, was domiciled in Missouri but was a non-resident at the time of filing. Thus, the *Thompson* decision is instructive to the issue in this case. The Debtors, like the debtor in *Thompson*, are required to claim the Missouri exemptions.

**IV.     Conclusion**

The Court finds that Missouri's exemptions are not restricted to residents of Missouri so long as they are domiciled in Missouri for purposes of Section 522(b)(3)(A). Because the Debtors are domiciled in Missouri and because Missouri has opted-out of the federal exemption scheme, the Debtors must use the exemptions provided under Missouri law. Accordingly,

---

[5] The Debtors contended at oral argument that it was unclear in *Thompson* whether the debtor resided in Kansas or simply purchased a house in Kansas. The Court, however, finds that the *Thompson* opinion clearly states that the debtor resided in Kansas at the time she filed bankruptcy:

> The facts are uncontested. The Debtor, Barbara Thompson, lived in Joplin, Missouri from 2001–2007. In July 2007, she sold her house in Joplin and used the proceeds to purchase her *current residence* in Galena, Kansas. Less than two years later, in February 2009, the Debtor filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Western District of Missouri. On Schedule C of her bankruptcy petition, the Debtor claimed her *Kansas residence* as exempt under Kansas state law.

*In re Thompson*, 2009 WL 2461027 at *1 (emphasis added).

**IT IS ORDERED** sustaining the Trustee's objection to the Debtors' claimed federal exemptions and ordering Debtors to amend their schedules to claim exemptions based on Missouri law.

**Dated: May 30, 2014.**

DANIEL P. COLLINS
CHIEF UNITED STATES BANKRUPTCY JUDGE

**COPY** of the foregoing mailed by the BNC and/or sent by auto-generated mail to:

Interested parties